**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

MAY 06 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARBHAJAN SINGH, JASLIN KAUR, and INDERPREET KAUR, <br><br> Petitioners, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 10-71150 <br><br> Agency No. A079-279-475 <br> Agency No. A079-279-476 <br> Agency No. A072-403-851 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 10, 2014[**]
San Francisco, California

Before: SCHROEDER and CALLAHAN, Circuit Judges, and PRATT, Senior District Judge.[***]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] On March 28, 2014, the Court granted Petitioners' "Motion to Submit the Case on Briefs without Oral Arguments."

[***] The Honorable Robert W. Pratt, Senior United States District Judge for the Southern District of Iowa, sitting by designation.

Petitioners Harbhajan Singh ("Singh") and his two daughters, Jaslin Kaur and Inderpreet Kaur,[1] (collectively "Petitioners"[2]) appeal the decision of the Board of Immigration Appeals ("BIA") denying their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT").[3] We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the BIA's adverse credibility determination with regard to Singh. *See Shrestha v. Holder*, 590 F.3d 1034, 1039–40 (9th Cir. 2010). The agency identified several inconsistencies that went to the "heart of . . . [Singh's] asylum claim," and concluded that he was adversely credible.[4] *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir. 2004) ("An adverse credibility ruling will be upheld so long as identified inconsistencies go to the heart of [the] asylum claim." (alteration in original ) (internal citation and quotation marks omitted)). In

---

[1] Singh's daughters are listed as beneficiaries on the asylum application. Thus, whether they are granted asylum, withholding of removal, or relief under the Convention Against Torture depends entirely on the success of Singh's claim for relief.

[2] Petitioners are natives and citizens of India.

[3] The BIA also denied Petitioners' request for a voluntary departure. We need not, however, decide whether this denial was proper since Petitioners did not raise the issue on appeal.

[4] The REAL ID Act is inapplicable to this case as Petitioners' application for asylum, withholding of removal, and protection under the CAT was filed prior to May 11, 2005.

2

particular, the BIA noted that Singh claimed he had been the victim of persecution in India during a time when he and his family were actually living in Canada. He was also untruthful with the U.S. immigration authorities by failing to disclose that he and his family had lived in Canada and applied for asylum there, even though during a September 5, 2001 interview with an asylum officer, Singh was specifically asked whether he had ever lived in Canada. Importantly, the alleged history of persecution contained in Singh's Canadian asylum application was different from the one recounted in his U.S. asylum application. Although Singh ultimately admitted that his U.S. asylum application contained false information and made the necessary corrections, this admission was untimely as it occurred more than five years after the filing of the application. For these reasons, we affirm the BIA's finding that Singh was not credible.

Since Singh did not satisfy the less demanding burden of showing asylum eligibility, we must also conclude that he failed to shoulder the more stringent clear probability standard applicable to his withholding of removal claim. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). As for Singh's CAT claim, it must also be rejected as it was based on the same evidence that the BIA concluded was insufficient to establish Petitioner's asylum eligibility. *See id.* at 1157.

Accordingly, the petition is **DENIED**.

3